UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEBORAH SANDERL, an individual; NATALIE STRONG, an individual; STEPHANIE CAMPBELL, an individual; TRACEY CONNELL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ST. CHARLES HEALTH SYSTEM, INC., a corporation,<br><br>Defendant. | Case No. 6:23-cv-01745-MK<br><br>**FINDINGS AND RECOMMENDATION** |

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs Deborah Sanderl ("Plaintiff Sanderl"), Natalie Strong, Stephanie Campbell, and Tracey Connell ("Plaintiff Connell") (collectively, "Plaintiffs") each allege violations by their former employer Defendant St. Charles Health System, Inc. of unlawful employment discrimination under Oregon state law on the basis of religion. Notice of Removal Ex. 3 ("Am. Compl.) ¶ 27, ECF No. 1. Plaintiffs Connell and Campbell additionally allege federal claims of religious discrimination and Plaintiff Sanderl alleges disability discrimination under Oregon state law. Am. Compl. ¶¶ 33, 37. Plaintiffs' claims stem from their religious beliefs and medical conditions which allegedly prevented them from taking the mandated COVID-19 vaccine

Page 1 — FINDINGS AND RECOMMENDATION

imposed by Defendant. Before the Court are Defendant's Motion to Dismiss the claims under Fed. R. Civ. P. 12(b)(6) and Motion to Strike under Fed. R. Civ. P. 12(f). Mot. to Dismiss, ECF No. 11; Def.'s Mot. to Strike the Decl. of Caroline Jaznsen ("Mot. to Strike") ECF No. 18. For the reasons below, Defendant's Motion to Dismiss should be denied and Defendant's Motion to Strike should be granted.

## BACKGROUND

For the purposes of this motion to dismiss, the following facts alleged by Plaintiffs are assumed to be true.

### I.  Factual Background

Plaintiffs were employed by Defendant in the health care field. Am. Compl ¶¶ 7-21. In September 2021, Defendant "imposed a COVID-19 vaccine mandate for its employees." Am. Compl. ¶ 7. Plaintiffs allege they "sincerely held religious beliefs that conflicted with the COVID-19 vaccine mandate." Am. Compl. ¶ 29. Each Plaintiff applied for religious exemptions from Defendant's vaccine mandate, which were all temporarily granted. Am. Compl. ¶¶ 7-22.

Plaintiff Sanderl applied for a separate medical exemption, which was also temporarily granted. Am. Compl. ¶ 9. Plaintiff Sanderl alleges having an unspecified medical condition that creates a "likelihood of adverse and life-threatening reactions to vaccines." ¶¶ 33-34. She alleges that she "applied for a medical exemption due to past medical complications" with vaccines and that Defendant ultimately failed to accommodate her. Am. Compl. ¶¶ 9, 35.

Each Plaintiff was placed on unpaid leave, and later terminated. *See* Am. Compl. Plaintiffs allege that Defendant could have accommodated their religious beliefs and Plaintiff Sanderl's medical condition without undue hardship by allowing Plaintiffs to continue working with personal protective equipment, regular testing, and other measures to protect against the

spread of COVID-19. Am. Compl. ¶¶ 30, 35. After termination, Plaintiff Connell's claim with the Equal Employment Opportunity Commission was denied and she received right to sue letter from the EEOC on July 26, 2023. Am. Compl. ¶ 23.

## II.     Procedural History

Plaintiffs filed this lawsuit in Oregon state court on or about August 21, 2023. Notice of Removal Ex. 1, ECF No. 1. Plaintiffs filed an Amended Complaint on or about October 25, 2023 in which Plaintiff Connell added a federal claim for religious discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Am. Compl. ¶ 37. Defendant timely removed the case to this Court on November 27, 2023. Notice of Removal, ECF No. 1.

On January 26, 2024, Defendant moved to dismiss Plaintiff Connell's religious discrimination claim as untimely, and Plaintiff Sanderl's disability discrimination claim for failure to state a claim. Plaintiffs responded, in part, that Plaintiff Connell's religious discrimination claim was timely, evidenced by a sworn affidavit appended to their Response. Pls.' Resp. in Opp. to Mot. to Dismiss at 2, ECF No. 14; Declaration of Caroline Janzen ("Janzen Declaration") ¶ 2, ECF No. 15. Plaintiffs then filed a Second Amended Complaint. ECF No. 16. Defendant moved to strike the Janzen Declaration and to strike Plaintiff's Second Amended Complaint. Mot. to Strike Decl., ECF No. 18; Mot. to Strike Second Amended Compl., ECF No. 19. The Court granted Defendant's Motion to Strike Plaintiffs' Second Amended Complaint and stayed Defendant's Motion to Strike the Declaration of Caroline Janzen and Defendant's Motion to Dismiss Plaintiffs' Amended Complaint "for 30 days to allow Plaintiffs to file a motion to amend their Complaint if they choose to do so." Findings & Recommendation, ECF No. 25; *adopted* May 29, 2024, ECF No. 28. Plaintiffs then filed a Motion for Leave to File an Amended Complaint. ECF No. 32. On July 15, 2024, the Court denied Plaintiffs' Motion for Leave to File

an Amended Complaint because, despite this Court's earlier admonition, Plaintiffs again failed to abide by the local rules. ECF No. 35.

The Court is now taking under advisement Defendant's Motion to Dismiss and Motion to Strike the Declaration of Caroline Janzen.

## STANDARDS

I.     **Motion to Dismiss — Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Federal Insurance Company*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers,* 869 F.3d 795 at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court may also consider "certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss—[or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In other words, courts can consider a document extrinsic to the complaint if the parties do not dispute its authenticity and the complaint necessarily relies on it. *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (citation omitted).

## II.     Motion to Strike — Fed. R. Civ. P. 12(f)

"In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir.1998).  Fed. R. Civ. P. 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting C. Wright, A. Miller, et al., 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2013)).

/ / /

/ / /

Page 5 — FINDINGS AND RECOMMENDATION

**DISCUSSION**

Defendant moves to (1) dismiss Plaintiff Connell's religious discrimination claim for untimeliness; (2) strike the Declaration of Caroline Janzen; and (3) dismiss Plaintiff Sanderl's state law disability discrimination claim for failure to sufficiently plead the existence of a disability. The Court addresses each of these in turn.

**I.    Defendant's Motion to Dismiss Plaintiff Connell's Title VII Claim**

Under Title VII, "when the Equal Employment Opportunity Commission ("EEOC") dismisses a claim, it is required to notify [the] claimant and to inform [the] claimant that she has 90 days to bring a civil action." *Scholar v. Pacific Bell*, 963 F.2d 264, 266 (9th Cir. 1992); 42 U.S.C. § 2000e-5(f)(1). The statute of limitations period begins when either the claimant or their attorney (whichever is first) receives notice of the EEOC right-to-sue letter ("EEOC letter"). *Irwin v. Dep't of Veterans Affairs*, 498 U.S 89, 91-93 (1990). If the claimant "fails to file within [the] 90-day period, the action is barred accordingly." *Scholar*, 963 F.2d at 267.

"[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements." *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). The defendant bears the burden of proving that the plaintiff filed beyond the limitations period. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). To survive a motion to dismiss based on the affirmative defense of the statute of limitations, the plaintiff only needs to provide plausible allegations that allow the court to reasonably infer the timeliness of the claim. *See Los Angeles Lakers*, 869 F.3d 795 at 800.

If the plaintiff does not know the date she received the letter, but receipt of the letter itself is not disputed, the Ninth Circuit instructs courts to presume that the EEOC letter was mailed on

the date it was issued and was received by the plaintiff (or their attorney) three days later. *Payan, 495 F.3d at 1122-24* (granting summary judgment for defendant where *pro se* plaintiff filed claim 98 days after EEOC letter was issued and plaintiff attested that she did not know when she received the EEOC letter). The plaintiff can rebut the so-called "mailing presumption" with evidence to the contrary such as sworn testimony or affidavits sufficiently definite to show that, despite not knowing the actual date of receipt, the EEOC letter was not received until more than three days after mailing. *Id*. at 1126-27.

      The parties do not dispute that Plaintiff Connell's EEOC letter is dated July 11, 2023 and was first received by Plaintiff's counsel. Durr Decl., ¶ 2 Ex. 1, ECF No. 12. Plaintiff Connell alleges that she received the EEOC letter on July 26, 2023. However, the Amended Complaint does not contain an allegation of when Plaintiff Connell's counsel first received the EEOC letter. Defendant asserts that the Court should therefore presume that Plaintiff's counsel received the EEOC letter three days after it was issued; that is, on July 14, 2023. Plaintiff's Title VII claim was brought on October 25, 2023. If the Court presumes Plaintiff's counsel received the EEOC letter three days after it was issued, then Plaintiff Connell's filing date would exceed the 90-day statute of limitations period. However, if the Court presumes that Plaintiff Connell's counsel received the EEOC letter on the same day that Plaintiff Connell alleges receiving notice of it, then the claim would be timely.

      As explained above, the mailing presumption only applies when the date of receipt of the EEOC letter is unknown. Plaintiff Connell has not alleged that the date of receipt of the EEOC letter is unknown. Her failure to allege when her counsel received the EEOC letter does not trigger the mailing presumption. Drawing all reasonable inferences in favor of Plaintiff Connell at the motion to dismiss stage, it is entirely plausible that her attorney received the EEOC letter

Page 7 — FINDINGS AND RECOMMENDATION

on July 26, 2023 and notified her on the same day. While discovery may later reveal evidence exposing the untimeliness of this claim, Defendant's Motion to Dismiss Plaintiff Connell's Title VII claim based on the statute of limitations should be denied.

## II. Defendant's Motion to Strike the Janzen Declaration

Plaintiffs respond in opposition to Defendant's Motion to Dismiss that "neither Plaintiff Connell nor counsel were in possession of the [EEOC] letter until July 26, 2023." Pls.' Resp. to Def.'s Mot. to Dismiss 4, ECF No. 14. Appended to Plaintiffs' Response is the Janzen Declaration in which Plaintiff Connell's counsel attests that her office did not receive the EEOC letter until July 26, 2023 and that her office notified Plaintiff Connell of the EEOC letter that same day. Defendant moves to strike the Janzen Declaration on the grounds that it should not be considered at the motion to dismiss stage because it is not part of the pleadings.

"In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider*, 151 F.3d at 1197 n.1 (9th Cir.1998). On a motion to dismiss, the court may only consider whether the facts alleged within the complaint, and the documents properly incorporated by reference or judicially noticed, sufficiently allege a claim for relief. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Fed. R. Civ. P. 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Janzen Declaration is not a document incorporated by reference in the Amended Complaint, and the facts contained in the Janzen Declaration are not proper for judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (explaining incorporation by reference); Fed. R. Evid. 201(b)(1)-(2) (judicial notice standard). The Janzen

Declaration amounts to an unauthorized amendment to the Amended Complaint. Defendant's Motion to Strike should be granted because the Janzen Declaration is not within the scope of what may properly be considered on a 12(b) motion. The Court's recommendation to grant Defendant's Motion to Strike is consistent with its recommendation to deny dismissal of Plaintiff Connell's Title VII claim because the latter recommendation does not rely on any facts outside of the Amended Complaint.

### III.    Defendant's Motion to Dismiss Plaintiff Sanderl's Disability Discrimination Claim

Defendant asserts that Plaintiff Sanderl's claim of disability discrimination under Or. Rev. Stat. § 659A.112 should be dismissed because she fails to adequately allege that she qualifies as a "disabled person" or that the activity of receiving a vaccination is a qualifying "major life activity."

Plaintiff Sanderl alleges having an unspecified medical condition that creates a "likelihood of adverse and life-threatening reactions to vaccines." Am. Compl. ¶¶ 33-34. She alleges that she "applied for a medical exemption due to past medical complications" with vaccines and that Defendant failed to accommodate her. Am. Compl. ¶¶ 9, 35. Plaintiff asserts that this alleged medical condition qualifies her as a disabled person protected against discrimination under Oregon law.

Oregon law requires that employers "make reasonable accommodation[s] to the known physical or mental limitations of a qualified individual with a disability who is a job applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer." Or. Rev. Stat. § 659A.112(2)(e). A person with a "disability" means an individual who "has a physical or mental impairment that substantially limits one or more major life activities" or "has a record of having a physical or

mental impairment." Or. Rev. Stat. § 659A.104(1)(a)-(b). Examples of "[a]ctivities and functions that are considered major life activities for the purpose of determining if an individual has a disability include" sensory abilities, bodily movement, caring for oneself, and working. Or. Rev. Stat. § 659A.104(2). Whether an individual's major life activity is substantially limited by their impairment is determined "without regard to the ameliorative effects of mitigating measures" such as taking medication or using medical equipment. Or. Rev. Stat. § 659A.104(4)(a)-(b). "An impairment that is episodic or in remission is considered to substantially limit a major life activity of the individual if the impairment would substantially limit a major life activity of the individual when the impairment is active." Or. Rev. Stat. § 659A.104(3).

Defendant does not cite to any binding authority to support its assertion that a medical condition that causes life-threatening reactions to vaccinations is not a qualifying disability. Additionally, Defendant cites to *Kerkering v. Nike, Inc.*, Case No. 3:22-cv-01790-YY, 2023 WL 5018003, at *2 (D. Or. May 30, 2023), *report and recommendation adopted*, 2023 WL 4864423 (D. Or. July 31, 2023) to purportedly support its assertion that Plaintiff Sanderl cannot show that receiving a vaccine is a major life activity. However, Defendant misconstrues *Kerkering* as standing for the proposition that allegations of a deficient immune system which prevent the plaintiff from taking the COVID-19 vaccine are insufficient to state a claim for relief. Mot. to Dismiss at 10. To the contrary, in *Kerkering*, the court dismissed with leave to amend, because factual allegations that the plaintiff "informed her supervisor that her immune condition prevented vaccination and requested an accommodation to the vaccine mandate, and that [the] defendant denied that request[,] . . . if added to the complaint, would adequately state a claim for relief." *Kerkering* at *3. This Court finds the reasoning in *Kerkering* persuasive.

Plaintiff Sanderl alleges having an unspecified medical condition that creates a "likelihood of adverse and life-threatening reactions to vaccines." ¶¶ 33-34. She alleges that she "applied for a medical exemption due to past medical complications" with vaccines and that Defendant failed to accommodate her. Am. Compl. ¶¶ 9, 35. The major life activity effected by Plaintiff Sanderl's alleged medical condition is not receiving a vaccine. Rather, the major life activities substantially limited are those that would be impacted by a life-threatening reaction to the COVID-19 vaccine due to Plaintiff Sanderl's alleged medical condition. Oregon law requires the Court to determine whether Plaintiff Sanderl has an impairment without regard to the fact that she can mitigate her alleged medical condition by abstaining from vaccination. Or. Rev. Stat. § 659A.104(4) (impairment is determined "without regard to the ameliorative effects of mitigating measures"). Likewise, the fact that Plaintiff Sanderl's alleged life-threatening reactions to vaccines are episodic is of no consequence. Or. Rev. Stat. § 659A104(3) (episodic impairments are measured at the time of the episode). The truth of these allegations and whether Defendant could have accommodated Plaintiff Sanderl without undue hardship is yet to be determined. Plaintiff Sanderl's allegations are enough to put Defendant on notice of the nature of the underlying facts giving rise to the claim for relief. *Starr*, 652 F.3d at 1216 (well-pleaded complaint requires "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Defendant's Motion to Dismiss Plaintiff Sanderl's Second Claim for Relief under Or. Rev. Stat. § 659A.112 should be denied.

## RECOMMENDATION

For the reasons above, Defendant's Motion to Dismiss (ECF No. 11) should be DENIED. Defendant's Motion to Strike (ECF No. 18) should be GRANTED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 13th day of August 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge